BEYER v. SAGINAW CREAMERY COMPANY, INC.

Contracts—Construction of Prevailing Manufacturers' Market Price of Milk.

> An agreement in milk buyer's contract to pay plaintiff "the prevailing manufacturers' market price" in the specified territory is not synonymous with the "highest" price paid but the price "most frequently" paid and "widespread" and acceptable to the greatest number of shippers in the area.

Appeal from Saginaw; O'Neill (James E.), J. Submitted October 7, 1959. (Docket No. 25, Calendar No. 48,128.) Decided January 4, 1960.

Action by William Beyer, doing business as Argyle Cheese Company, against Saginaw Creamery Company, Inc., for sums owing on milk sold and delivered. Summary judgment for defendant as to certain portions of declaration, reducing overall demand of plaintiff. Plaintiff appeals. Affirmed.

*Thomas R. McAllister,* for plaintiff.

*Crane, Crane, Kessel & Deibel* (*Gilbert A. Deibel,* of counsel), for defendant.

Dethmers, C. J. Plaintiff and defendant entered into a written agreement which provided that:

"Party of the first part (defendant) agrees to buy and party of the second part (plaintiff) agrees to

---

References for Points in Headnotes
12 Am Jur, Contracts § 237.

sell to the party of the first part all milk purchased by Argyle Cheese Co. (plaintiff) at the prevailing manufacturers' market price in the territory of Ubly, Bad Axe, and Cass City, plus 30¢ per hundred pounds."

This suit is for something in excess of $5,000 claimed by plaintiff to be due him under said contract for milk sold and delivered to defendant. Part of this is claimed to be due because of insufficient crediting of plaintiff for weights and butterfat contents of certain milk shipments to defendant. That issue is not before us on this appeal. The remainder, in the amount of $2,661.46, is claimed to be due because of plaintiff's payment by defendant of rates or amounts per hundredweight below that agreed upon in the contract, namely, "the prevailing manufacturers' market price in the territory of Ubly, Bad Axe, and Cass City."

Plaintiff has construed the mentioned prevailing price, variously, as meaning the price paid by one specific competitor in the territory, namely, Wesley's, and as the highest price paid by any manufacturer in the territory. Defendant has contended that "prevailing", as used in the contract, means "predominant". It demonstrated that plaintiff had as competitors for the purchase of milk in the territory, 3 manufacturers, one with 485 customers, a second with 850 and Wesley's with 155. Defendant's position, accordingly, has been that the price paid for purchases to the greatest number of this total of 1,490 customers is the index to the predominant and, hence, prevailing price. This difference in construction of terms of the contract accounted for the mentioned $2,661.46 item which plaintiff claimed to be due because of defendant's payment at rates below those which plaintiff says were agreed upon.

The issue on this question was brought to a head by defendant's motion for summary judgment re-

ducing plaintiff's total claim in the said amount of $2,661.46. The court granted defendant the summary judgment as requested. Plaintiff appeals therefrom.

In granting the summary judgment the court said:

"I am going to make the definition, the prevailing price in those 3 areas is the price acceptable to the greatest number of shippers in those combined areas. The shippers in Bad Axe and Ubly are respectively 485 and 850. The shippers at Cass City are 155. So the prevailing price is the price acceptable to the greatest number of shippers in the combined area."

We think the provision of the agreement in question is unambiguous. There is no language in it to warrant a holding that the parties meant that defendant was to pay the same as Wesley's. If they had intended to agree that defendant was to pay the highest rate paid in the territory, it would have been simple to write in precisely those words. Instead, they used the word "prevailing". That is not a synonym for "highest". It recognizes possible variances in prices which would be paid in the territory, and calls for payment of neither the highest nor the lowest, but, according to Webster's definition, the price which would be the "most frequently" paid and "widespread". We think defendant's contention as to the meaning of the provision and the trial court's definition of terms correct.

Affirmed, with costs to defendant.

CARR, KELLY, SMITH, BLACK, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred.